**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Joseph Bernal, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   16 C 1904 |
| NRA GROUP, LLC, a Pennsylvania limited liability company, d/b/a National Recovery Agency, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Joseph Bernal, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that the Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant reside here.

**PARTIES**

3. Plaintiff, Joseph Bernal ("Bernal"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to a theme park operator.

4. Defendant, NRA GROUP, LLC, d/b/s, National Recovery Agency ("NRA"), is a Pennsylvania limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana.  Defendant NRA operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in the State of Illinois.  In fact, Defendant NRA was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Mr. Bernal.

5. Defendant NRA is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant conducts business in Illinois.

6. Defendant NRA is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B.  In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Defendant sent Mr. Bernal an initial form collection letter, dated February 17, 2015, demanding payment of a debt that was allegedly owed to a theme park operator.  In addition to the principal balance of $267.31, the Defendant also demanded that Mr. Bernal pay $43.28 for "**Cost**", which amount did not represent the actual cost to collect the debt; rather, it appears to be a flat 16% collection fee.  A copy of this collection letter is attached as Exhibit C.

8. All of Defendant's collection actions at issue complained of herein occurred within one year of the date of this Complaint.

9. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### False, Deceptive Or Misleading Statements

10. Plaintiff adopts and realleges ¶¶ 1-9.

11. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

12. Defendant, by attempting to collect a "Cost", when it has no right to impose a flat 16% fee, made a false, deceptive or misleading statement, in violation of § 1692e of the FDCPA. See, Kojetin v. C U Recovery, 212 F.3d 1318 (8th Cir. 2000); Seeger v. AFNI, 548 F.3d 1107 (7th Cir. 2008); and, Bradley v. Franklin Collection Service, 779 F.3d 606 (11th Cir. 2014).

13. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

14. Plaintiff adopts and realleges ¶¶ 1-9.

15. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, including the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law, see, 15 U.S.C. § 1692f(1).

16. Defendant, by attempting to collect a flat 16% "Cost", when it had no right to do so, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.  See, Kojetin, 212 F.3d 1318; Seeger, 548 F.3d 1107; and, Bradley, 779 F.3d 606.

17. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

18. Plaintiff, Joseph Bernal, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a Six-Flags account, via a collection letter similar to the letter that is attached to the Complaint (Exhibit C), as to which there was no right to charge a percentage based collection Cost, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form collection letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

19. Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Bernal, in its attempts to collect delinquent consumer debts from other persons.

20. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter it sent Plaintiff Bernal.

21. Plaintiff Bernal's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

22. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

23. Plaintiff Bernal will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Bernal has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**PRAYER FOR RELIEF**

Plaintiff, Joseph Bernal, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Bernal as Class Representative of the Class, and his attorneys as Class Counsel;

3. Declare that Defendant's collection practices violate the FDCPA;

4. Enter judgment in favor of Plaintiff Bernal and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Joseph Bernal, individually and on behalf of all others similarly situated demands trial by jury.

Joseph Bernal, individually and on behalf of all others similarly situated,
By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: February 3, 2016

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com