UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH BERNAL, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> NRA GROUP, LLC, <br><br> Defendant. | ) <br> ) <br> )  16 C 1904 <br> ) <br> )  Judge Feinerman <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION AND ORDER**

Joseph Bernal alleges in this class action that NRA Group, LLC sent him and members of the class a form collection letter that violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by assessing a percentage-based collection fee. Doc. 1. After class certification was granted, Docs. 30-31 (reported at 318 F.R.D. 64 (N.D. Ill. 2016)), the parties cross-moved for summary judgment, Docs. 45, 56. Both summary judgment motions are denied.

**Background**

For Bernal's motion, the facts are considered in the light most favorable to NRA, and for NRA's motion, the facts are considered in the light most favorable to Bernal. *See Cogswell v. CitiFinancial Mortg. Co.*, 624 F.3d 395, 398 (7th Cir. 2010). The court must assume the truth of those facts on summary judgment, but does not vouch for them. *See Arroyo v. Volvo Grp. N. Am., LLC*, 805 F.3d 278, 281 (7th Cir. 2015).

Bernal, an Illinois resident, entered into a monthly membership agreement with non-party Six Flags Entertainment Corporation. Doc. 57 at ¶ 3; Doc. 66 at ¶ 13. The membership agreement stated, in relevant part:

> If your account is in arrears for more than 30 days (after you miss two payments) and the Minimum Term has not yet expired, then your account will be permanently cancelled and you will be subject to the Termination Fee, plus costs (including reasonable attorney's fees) incurred by us in attempting to collect amounts due or otherwise enforcing this agreement, or [if] the Minimum Term has expired, then your account will be permanently cancelled and you will be billed for any amounts that are due and owing plus any costs (including reasonable attorney's fees) incurred by us in attempting to collect amounts due or otherwise enforcing this agreement.

Doc. 46-3 at ¶ 3. Six Flags entered into a contract with non-party AR Assist, LLC, in which Six Flags agreed to pay AR Assist a contingency fee, based on the debt's age, for each debt collection account assigned to it. Doc. 66 at ¶¶ 14-15. AR Assist then entered into a similar agreement with NRA, in which NRA agreed to collect debts on AR Assist's behalf in exchange for a contingency fee based on the debt's age. *Id.* at ¶¶ 16-17.

Bernal failed to pay the membership fees he owed to Six Flags, and his debt became delinquent. Doc. 57 at ¶ 3. NRA was his debt collector. *Id.* at ¶¶ 3-4. On February 17, 2015, NRA sent Bernal a form collection letter demanding payment of the principal balance of $267.31 plus a percentage-based charge, labeled "Costs," of $43.28, which is approximately sixteen percent of $267.31. *Id.* at ¶¶ 5-6. NRA's "cost to send" the letter to Bernal, "including the cost of materials (paper, envelope, printing, postage), labor and handling," was at least $5 and less than $10. *Id.* at ¶ 7.

The class consists of Bernal's fellow Illinois residents from whom NRA attempted to collect a Six Flags debt, plus a percentage-based collection fee, with the same form collection letter that Bernal received. 318 F.R.D. at 69.

## Discussion

Bernal alleges that NRA violated 15 U.S.C. §§ 1692e and 1692f by attempting to collect a percentage-based charge in excess of the debt he owed to Six Flags. Doc. 1 at 3-4. Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or

means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see Ruth v. Triumph P'ships*, 577 F.3d 790, 799 (7th Cir. 2009). This "rule against trickery," *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007), sets forth "a nonexclusive list of prohibited practices" in sixteen subsections, *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). Although "a plaintiff need not allege a violation of a specific subsection in order to succeed in a § 1692e case," *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012), Bernal cites subsection (2)(A), which proscribes "[t]he false representation of … the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Section 1692f prohibits debt collectors from employing "unfair or unconscionable means to collect or attempt to collect any debt," including attempting to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). The "or permitted by law" component of § 1692f need not be considered separately because the applicable Illinois statute mirrors the FDCPA requirement that any charge in excess of the actual debt must be "expressly authorized by the agreement creating the debt." 225 ILCS 425/9(33); *see* Doc. 56 at 10 (NRA acknowledging this aspect of Illinois law).

The parties agree that NRA's liability in this case turns on whether Bernal's membership agreement with Six Flags allowed him to be assessed the $43.28 charge referenced by NRA's letter. Doc. 47 at 7; Doc. 56 at 9. As noted, the agreement required Bernal to pay "costs (including reasonable attorney's fees) incurred by us in attempting to collect amounts due." Doc. 46-3 at ¶ 3. According to Bernal, this provision means that he could be charged only what it actually cost a debt collector to collect the amount he owed to Six Flags. Doc. 47 at 7; Doc. 67 at 6-8. According to NRA, this provision means that Bernal could be charged what Six Flags

3

paid a debt collector to collect the amount owed. Doc. 56 at 8-11; Doc. 68 at 3, 5. The only pertinent Seventh Circuit decision cited by the parties interprets different contractual language and thus does not foreclose either reading of the agreement. *See Seeger v. AFNI, Inc.*, 548 F.3d 1107, 1110 (7th Cir. 2008) (evaluating whether a debt collector's practices were authorized under a contract requiring the debtor to pay "the *fees of any collection agency, which may be based on a percentage* at a maximum of 33% of the debt, and all costs and expenses") (emphasis added). In the end, it is unnecessary to decide whether either party's reading is correct, for neither party is entitled to summary judgment even under its preferred reading.

As to Bernal—who says that the agreement allowed him to be charged only what it actually cost the debt collector to collect his Six Flags debt—the record does not say one way or the other what it cost NRA to undertake its collection efforts. During discovery, NRA admitted the following fact under Rule 36: "your cost to send the February 17, 2015 letter … to Plaintiff, Joseph Bernal, including the cost of materials (paper, envelope, printing, postage), labor and handling was less than $10." Doc. 57 at ¶ 7. As framed, that request to admit captured only the cost of *sending* one letter; it did not capture the overall cost reasonably incurred by NRA in attempting to collect Bernal's debt, including costs related to retrieving Bernal's account information, employee salary, and overhead. The record therefore does not establish that it cost NRA less than $43.28 to collect Bernal's debt to Six Flags, which means that Bernal is not entitled to summary judgment.

As to NRA—which says that the agreement allowed Bernal to be charged what Six Flags paid a debt collector to collect his debt—the record does not say one way or the other what it cost Six Flags to hire AR Assist (or NRA) to service Bernal's account. The record shows that Six Flags hired AR Assist to collect Bernal's debt, and that AR Assist then hired NRA to do the

4

same. Doc. 66 at ¶¶ 14-17. The record further shows that Bernal was assessed $43.28, or sixteen percent of the principal amount he owed to Six Flags, as "Costs." Doc. 57 at ¶¶ 5-6. But the record does not say that AR Assist charged Six Flags $43.28 or a sixteen percent contingency fee in connection with Bernal's account. The record does contain the contract between Six Flags and AR Assist, and the contract categorizes debtors based on the age of the debt and assigns a contingency rate to each group. Doc. 61 at 2-3. But the contract does not assign any group a contingency rate of sixteen percent. *Id*. at 3. And even if it did, the record does not identify the group, if any, to which Bernal's account was assigned.

Given the holes in the record, neither side is entitled to summary judgment even under its preferred reading of the membership agreement. Accordingly, both summary judgment motions are denied. *See Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 603 n.5 (7th Cir. 2015) (noting that "even when both parties have moved for summary judgment, each contending that the relevant facts are undisputed and the case may be resolved without a trial, the proper outcome may be to deny both motions").

## Conclusion

The parties' summary judgment motions are denied. This case will proceed to trial. Before trial, the court will consider whether the membership agreement's key provision can be interpreted as a matter of law or whether it is ambiguous and must, with the assistance of parol evidence, be left to the jury. *See Cannon v. Burge*, 752 F.3d 1079, 1088 (7th Cir. 2014).

May 31, 2017

United States District Judge